UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**NUTRAMAX LABORATORIES, INC.**, *et al.*,

      **Plaintiffs,**

  v.

**CAPITAL PHARMACEUTICAL, LLC,**

      **Defendant.**

:

:

**Case No. 2:21-cv-3949**
**Judge Sarah D. Morrison**
**Magistrate Judge Chelsey M. Vascura**

## OPINION AND ORDER

Plaintiffs Nutramax Laboratories, Inc. and Nutramax Laboratories Veterinary Sciences, Inc. filed this action based on Defendant Capital Pharmaceutical, LLC's application to trademark "DOSOQUIN WITH MENAQ7." (Compl., ECF No. 1.) Nutramax alleges that "Dosoquin" infringes upon and unfairly competes with its own registered mark for "Dasuquin." (*Id*.) Nutramax seeks "refusal of [Capital Pharmaceutical's] application for registration" of the Dosoquin mark. (*Id*., ¶¶ 1, 41–49.) Capital Pharmaceutical has moved to dismiss this claim for lack of subject-matter jurisdiction. (Mot., ECF No. 28.) Nutramax has responded (Resp., ECF No. 29) and Capital Pharmaceutical replied (Reply, ECF No. 30). For the reasons set forth below, Capital Pharmaceutical's Motion to Dismiss is **DENIED**.

I.      BACKGROUND

All well-pled factual allegations in the Complaint are considered as true for purposes of the Motion. *See Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). The following summary draws from the allegations in, and the documents integral to, that Complaint.

Nutramax sells health supplements for dogs, cats, and horses. (Compl., ¶ 13.) One of its products, a joint health supplement for dogs and cats, is sold under the name Dasuquin. (*Id.*, ¶ 19.) Nutramax registered the Dasuquin mark for use with dietary supplements for animals in 2007. (*Id.*, ¶ 20.)

Capital Pharmaceutical is a drug wholesaler. (Id., ¶ 23.) On May 13, 2021, it filed an application with the U.S. Patent and Trademark Office to register the mark "DOSOQUIN WITH MENAQ7" for use with "vitamin and mineral preparations for medical use and vitamin supplements." (*Id.*, ¶ 24.)

Capital Pharmaceutical "is not affiliated or connected with or endorsed or sponsored by Nutramax, nor has Nutramax approved any of the goods offered or sold or intended to be sold by" it. (*Id.*, ¶ 30.) However, Nutramax alleges that Dasuquin and Dosoquin are so similar "in appearance and pronunciation, [that] a consumer would likely be confused as to the sponsorship and/or affiliation between the two products"—particularly, because "both products are supplements and likely to be encountered by similar consumers." (*Id.*, ¶ 26.)

The claims asserted in the Complaint seek to address the harm Nutramax would allegedly suffer from any such confusion. (*See id.*, generally.) In addition to infringement and unfair competition claims, Nutramax requests a determination

from this Court that Capital Pharmaceutical's application for registration must be refused. (*Id.*, ¶¶ 41–49.) Capital Pharmaceutical moves to dismiss this claim, asserted as Count II of the Complaint, on the grounds that this Court lacks subject matter jurisdiction. (Mot.)

## II. STANDARD OF REVIEW

Rule 12(b)(1) provides for dismissal when the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Without it, a federal court has no authority to hear a case. *Thornton v. Sw. Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990). "Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). Capital Pharmaceutical mounts a facial attack.

A facial attack under Rule 12(b)(1) questions the sufficiency of the pleadings, and a court therefore takes the allegations in the complaint as true. *Gentek Bldg. Prods.*, 491 F.3d at 330. To survive a facial attack, the complaint must contain a short and plain statement of the grounds for jurisdiction. *Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016) (quoting Fed. R. Civ. P. 8(a)). Mere "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *O'Bryan v. Holy See*, 556 F.3d 361, 376 (6th Cir. 2009) (internal quotation and citation omitted). "[T]he plaintiff has the burden of proving jurisdiction in order to survive the motion." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

**III. ANALYSIS**

By statute, federal district courts have original jurisdiction over "all actions arising under" the Lanham Act, 15 U.S.C. §§ 1051 *et seq*. 15 U.S.C. § 1121(a). *See also* 28 U.S.C. §§ 1331, 1338. Further, in "any action involving a registered mark," a federal district court "may determine the right to registration, order the cancelation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action." 15 U.S.C. § 1119.

But, as even Nutramax seems to recognize[1], these statutes are not so easily applied to a claim seeking court interference with a mark's application for registration. Nearly fifty years ago, the District Court for the District of Connecticut deftly explained the dilemma:

> [T]his Court has no independent original jurisdiction to adjudicate [a claim alleging that the opposing party is not entitled to federal registration of an applied-for mark]. It has been stated that the "courts of the United States have no jurisdiction over registration proceedings except that appellate jurisdiction given them by the Trade-Mark Act." *Merrick v. Sharp & Dohme, Inc.*, 185 F.2d 713, 717 (7th Cir. 1950) (dictum). *See* 15 U.S.C. §§ 1052(d), 1071(b). There is no question that jurisdiction over registration proceedings has been confided by Congress in the Patent and Trademark Office. 15 U.S.C. § 1051 *et seq*. Yet, in some cases, a district court, exercising original jurisdiction, has power to order a registration. *See, e.g., Massa v. Jiffy Products Co.*, 240 F.2d 702 (9th Cir. 1957); *cf. Avon Shoe Co. v. David Crystal, Inc.*, 279 F.2d 607, 614–15 (2d Cir. 1960). In *Massa* the authority to order such relief was founded upon 15 U.S.C. § 1119[.]

---

[1] The Complaint does not assert that this Court has original jurisdiction over Count II. (Compl., ¶ 8.) Instead, it takes the position that the Court has subject matter jurisdiction over Count I (Trademark Infringement under the Lanham Act) and Count IV (Unfair Competition/False Designation under the Lanham Act), and supplemental jurisdiction over the remaining claims. (*Id*.) *See also* 28 U.S.C. § 1367.

4

*Cont'l Connector Corp. v. Cont'l Specialties Corp.*, 413 F. Supp. 1347, 1349 (D. Conn. 1976). The court went on to analyze, with rigor, whether it could exercise jurisdiction over one party's claim concerning the opposing party's right to pursue an application for registration. *Id*. at 1349–51. It concluded that 15 U.S.C. § 1119 permitted the exercise of such jurisdiction "as long as the applicant was a party to the lawsuit and the application was for a mark sufficiently related to a registered mark[.]" *Somera Capital Mgmt., LLC v. Somera Road, Inc.*, 19 Civ. 8291 (GHW) (GWG), 2020 WL 2506352, at *5 (S.D.N.Y. May 15, 2020) (citing *Cont'l Connector Corp.*, 413 F. Supp. at 1348–49).

The *Continental Connector Corp.* holding has been recognized as an exception to the "general rule . . . that a court lacks subject matter jurisdiction to cancel a pending trademark application that has yet to mature into a registration." *Theia Techs. LLC v. Theia Grp., Inc.*, Civ. Action No. 20-97, 2021 WL 291313, at *36 (E.D. Pa. Jan. 28, 2021). *See* 5 McCarthy on Trademarks and Unfair Competition § 30:113.50 (5th ed.) (explaining that "some decisions permit a federal court to determine the registerability of an as-yet-unregistered mark in a lawsuit in which a different registered mark is involved . . . when there is a close nexus between the issues in the pending application proceeding and those in the federal court dispute involving the registered mark"). *See also Somera Capital Mgmt.*, 2020 WL 2506352, at *5–7 (collecting cases). The exception applies here. Nutramax has alleged a sufficiently close nexus between its use of the registered Dasuquin mark and Capital Pharmaceutical's desired use of the Dosoquin mark to warrant this Court's

5

exercise of jurisdiction over Count II. *Cf., Universal Tube & Rollform Equip. Corp. v. YouTube, Inc.*, 504 F. Supp. 2d 260 (N.D. Ohio 2007) (dismissing Universal's claim seeking cancellation of YouTube's trademark application because Universal "failed to tie its claim to any existing registration").

Capital Pharmaceutical argues for the opposite conclusion. In its view, 15 U.S.C § 1119 is inapplicable here because the statute applies only to registrations, not applications.[2] (Reply, 8–9.) "[T]he short answer to this is that [Nutramax's] trademark registration is involved[,]" *Durox Co. v. Duron Paint Mfg. Co.*, 320 F.2d 882, 886 (4th Cir. 1963), making appropriate this Court's invocation of the statute. The Court is not persuaded, as Capital Pharmaceutical suggests, that every case holding otherwise—from *Continental Connector Corp.* to date—relies "on an incorrect interpretation of the" law.

## IV. CONCLUSION

For the reasons set forth above, Capital Pharmaceutical's Motion to dismiss Count II for lack of subject-matter jurisdiction (ECF No. 28) is **DENIED**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**

---

[2] Capital Pharmaceutical also argues that "the Dosoquin application pertains to a different mark for different goods that are marketed in different trade channels." (Reply, 9.) Such a merits-based argument is premature.